**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-6356**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH ROSHAUN REID,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, Senior District Judge.  (0:04-cr-00353-CMC-1)

_____

Submitted:  June 12, 2025                    Decided:  June 17, 2025

_____

Before HARRIS and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

Kenneth Roshaun Reid, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Roshaun Reid has noted an appeal from the district court's order denying his motion to reopen and denying his motion seeking a certified copy of the jury verdict. We dismiss the appeal in part and affirm in part.

A portion of the motion to reopen challenged the validity of Reid's sentence, and we conclude it was in substance a successive 28 U.S.C. § 2255 motion. As to this portion, the district court's denial ruling is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that his motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Reid has not made the requisite showing. The portion of the motion to reopen challenging the validity of Reid's sentence should have been construed as a successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). In the absence of pre-filing authorization from this Court, the district court lacked jurisdiction to hear Reid's successive § 2255 motion. *See* 28 U.S.C.

2

§ 2244(b)(3). Accordingly, we deny a certificate of appealability and dismiss the appeal in part.

As to the district court's denial of the remainder of the motion to reopen and denial of the motion for a certified copy of the jury verdict, we have reviewed the record and find no reversible error. Reid's informal brief does not challenge the basis for the district court's denial of the motion for a certified copy of the jury verdict, and he has thus forfeited appellate review of that ruling. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

The remainder of the motion to reopen challenged as error Reid's failure to be brought to the district court to allocute at a hearing after this court vacated the district court's order denying his motion under § 404(b) of the First Step Act of 2018 (FSA 2018) for a sentence reduction, *see United States v. Reid*, 823 F. App'x 223, 224 (4th Cir. 2020) (No. 19-7803) (concluding that Reid was eligible to receive sentence reduction under FSA 2018, vacating order denying § 404(b) motion, and remanding for further proceedings), and demanded application of the Fair Sentencing Act of 2010 that the FSA 2018 made retroactively applicable. The opinion in *Reid*, however, did not require that Reid be brought back to the district court for a hearing, and this court already has affirmed the district court's ruling finding Reid eligible to receive a sentence reduction under § 404(b) but concluding that such reduction was not warranted after considering the 18 U.S.C. § 3553(a) factors, Reid's post-sentencing conduct, and his dangerousness, *see United States v. Reid*, 839 F. App'x 817, 817 (4th Cir. 2021) (No. 20-7392). Accordingly, we

affirm the district court's order in part. *United States v. Reid*, No. 0:04-cr-00353-CMC-1 (D.S.C. Apr. 15, 2025).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*